**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.14-14019-CR-MARTINEZ/LYNCH**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**JOSE LUIS RAYA-LUNA,**

      **Defendant.**

_____/

FILED by _____ D.C.

APR 2 2 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** having come on to be heard upon the Order of Reference from the

District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the

Defendant in the above referenced case and this Court having conducted a change of plea

hearing on April 22, 2014, this Court recommends to the District Court as follows:

      1.      On April 22, 2014, this Court convened a hearing to permit the Defendant to

enter a change of plea in the aforementioned matter.  At the outset of the hearing, through

the use of a court certified Spanish interpreter, this Court advised the Defendant of his right

to have these proceedings conducted by the District Judge assigned to the case. Further,

this Court advised the Defendant that this Court was conducting the change of plea hearing

on an Order of Reference from the District Court and at the request of the Defendant, the

Defendant's attorney and the Assistant United States Attorney assigned to this case.  This

Court further advised the Defendant that the District Judge assigned to this case would be

the sentencing judge and would make all findings and rulings concerning the Defendant's

sentence and would conduct a sentencing hearing at a time set by the District Court.

2.      This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge.   The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.      This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.      There is no written plea agreement in this case.  Therefore, this Court read the Indictment to the Defendant.  The Defendant pled guilty to the sole count of the Indictment which charges that the Defendant, an alien, having previously been deported and removed from the United States on or about April 19, 1991 and June 5, 1987, was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2). At the conclusion of reading the Indictment to the Defendant, the Defendant stated that he understood the charges against him.

5.      The government announced the possible maximum penalties in respect to the Indictment which included advising the Defendant of the possibility of deportation after sentencing. The Defendant acknowledged that he understood any possible minimum and maximum penalties which could be imposed in this case.   Further, the Defendant acknowledged that his attorney has answered all of his questions concerning his possible deportation based upon his plea of guilty in this case.

2

6.     The parties submitted a written Stipulated Factual Basis which was signed by counsel for the government, counsel for the Defendant, and the Defendant.  The Defendant acknowledged that he has discussed this Stipulated Factual Basis with his counsel, he completely understands the Stipulated Factual Basis and agrees that this Stipulated Factual Basis accurately sets forth the facts in his case as he understands them to be. This Court finds that the factual basis sets forth all of the essential elements of the crime to which the Defendant is pleading guilty as well as any sentencing enhancements and/or aggravating factors that may be applicable.   Counsel for the government and counsel for the Defendant agreed that the Stipulated Factual Basis need not be read into the record since the original has been signed by all parties, including the Defendant, and the original will be filed with the Court.

7.     Based upon all of the foregoing and the plea colloquy conducted by this Court, this Court recommends to the District Court that the Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment as more particularly described herein and that the Defendant be adjudicated guilty of that offense.

8.     A pre-sentence investigation is being prepared for the District Court by the United States Probation Office and sentencing has been set for **Monday, July 14, 2014, at 11:00 a.m., at the United States Courthouse, Courtroom #4008, 101 South U. S. Highway 1, Fort Pierce, Florida**.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

3

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 22nd day of April, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Theodore M. Cooperstein
AUSA Diana M. Acosta
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal